Received & Filed 9/18/2019 5:41 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Denise Ray
Envelope# - 36934978

CAUSE NO. 19-002719-CV-361

| | | |
|---|---|---|
| FRANKIE CORINNE RODRIGUEZ, *Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |
| ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, *Defendant* | § | BRAZOS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

COMES NOW Frankie Corinne Rodriguez, Plaintiff, complaining of Defendant Allstate County Mutual Insurance Company, and would respectfully show:

### 1. Discovery Control Plan, Rule 47 Statement

1.1     Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

1.2     Plaintiff requests that this Court enter an Order that discovery be conducted in accordance with a Discovery Control Plan tailored to the circumstances of this specific case.

1.3     Plaintiff's Request for Disclosure, Request for Admissions, Interrogatories, and Request for Production propounded to Defendant are attached to Plaintiff's Original Petition and are being served contemporaneously upon Defendant pursuant to Rules 194, 196, 197, and 198 of the Texas Rules of Civil Procedure.

1.4     For purposes of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff would note that Plaintiff seeks monetary relief over $1,000,000.00.

## 2. Parties

2.1     Plaintiff is a resident of Brazos County, Texas.

2.2     In accordance with Section 30.015 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that Plaintiff's address is 1704 Medina Drive, College Station, Texas 77840.

2.3     In accordance with Section 30.014 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that the last three (3) numbers of Plaintiff's driver's license number are 208 and that the last three (3) numbers of Plaintiff's Social Security number are 549.

2.4     Defendant is a domestic insurance company admitted by the State of Texas to do business in Texas, authorized by the State of Texas to write insurance in Texas, and doing business in Texas.

2.5     Defendant may be served with process through its attorney for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 (telephone unknown), or wherever said attorney for service may be found.

## 3. Jurisdiction

3.1     Defendant does business in Texas and is subject to the jurisdiction of this Court.

3.2     Plaintiff's damages are within the jurisdictional limits of this Court.

## 4. Venue

4.1     According to Section 1952.110 of the Texas Insurance Code, "an action against an insurer in relation to [Uninsured or Underinsured Motorist Coverage] . . . may be brought only in the county in which: (1) the policyholder or beneficiary instituting the

action resided at the time of the accident involving the uninsured or underinsured motor vehicle; or (2) the accident occurred."

4.2     As set forth below, the "accident" occurred in Brazos County, Texas wherein the negligent conduct of Hunter Craig Filson in Brazos County, Texas was a proximate cause of the "accident" and Plaintiff's damages resulting from the "accident."

4.3     Venue is therefore proper against Defendant in Brazos County, Texas pursuant to Section 1952.110 of the Texas Insurance Code.

5. Facts

5.1     On or about February 14, 2019, at or near the intersection of South Texas Avenue and Hensel Street, in Bryan, Brazos County, Texas, a vehicle operated by Hunter Craig Filson collided with a vehicle operated by Plaintiff.

5.2     Said driver's failure to use ordinary care in the operation of a vehicle was a proximate cause of this wreck and Plaintiff's resulting injury.

5.3     The vehicle Plaintiff was occupying at the time of the wreck, and/or Plaintiff himself/herself, was covered by an insurance contract written by Defendant.

5.4     Plaintiff was insured under this insurance contract, and a party to the contract.

5.5     In this contract, Defendant agreed to pay Uninsured/Underinsured Motorist Coverage (UM/UIM) benefits because of any bodily injury resulting from a motor vehicle accident sustained by a covered person, and property damage caused by the accident.

5.6 These UM/UIM benefits are defined as those for which an injured covered person is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle.

5.7 Plaintiff was a covered person as defined by the contract in question.

5.8 Hunter Craig Filson's vehicle was either uninsured or underinsured as defined by the insurance contract in question, as well as under Texas law, because there is no applicable third-party insurance coverage or Plaintiff's damages exceed any applicable third-party insurance-coverage limits.

5.9 Plaintiff, because of a bodily injury resulting from a motor vehicle accident, has incurred damages that Plaintiff is legally entitled to recover from the owner or operator of the uninsured or underinsured motor vehicle in question, specifically, the vehicle driven by Hunter Craig Filson.

5.10 These damages, past and future, include those damages resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

5.11 These damages, past and future, include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

5.12 These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

5.13    Plaintiff has timely and properly applied for UM/UIM benefits based upon the above facts.

5.14    Plaintiff, as well as any other applicable insured parties to the contract, have fully performed, tendered performance of, or was excused from performing all contractual obligations, or at least substantially complied with all contractual obligations.

5.15    Nonetheless, Defendant has failed or refused, and continues to fail or refuse, to pay UM/UIM benefits to Plaintiff.

## 6. Causes of Action and Relief Sought

6.1    Plaintiff asserts claims under Chapter 37 of the Texas Civil Practice and Remedies Code to have Plaintiff's rights, status, and other legal relationships, under the insurance contract insuring Plaintiff (the insurance contract in question), established by a court of competent jurisdiction.

6.2    Section 37.004(a) of the Texas Civil Practice and Remedies Code provides that "[a] person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

6.3    Section 37.004(b) of the Texas Civil Practice and Remedies Code further provides that "[a] contract may be construed either before or after there has been a breach."

Plaintiff's Original Petition                                                                                    Page 5

6.4     Finally, Section 37.009 of the Texas Civil Practice and Remedies Code provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just."

6.5     Plaintiff seeks a declaration from the Court that the allegations set forth in paragraphs 5.1 through 5.15 of this Petition are true and correct.

6.6     Plaintiff also seeks a declaration determining the amounts of Uninsured/Underinsured Motorist Coverage benefits under the insurance contract in question to which Plaintiff is entitled to recover from Defendant, after all applicable set-off and credits, for the damages described in paragraphs 5.1 through 5.12 of this Petition.

6.7     Plaintiff specifically requests that Plaintiff's right to collect Uninsured/Underinsured Motorist Coverage benefits under the insurance contract in question with Defendant be declared, and that it be declared that Plaintiff be entitled to recover said insurance proceeds, notwithstanding the existence of other insurance of a different kind, specifically, but not limited to, health insurance, or that third parties may be responsible for the damages suffered, except as specifically provided in the insurance contract in question, or under Texas law.

6.8     Plaintiff seeks the recovery of costs and reasonable and necessary attorney's fees, past and future, as are equitable and just.

6.9     These attorney's fees, past and future, include those for representation through trial and the completion of proceedings in the trial court, for representation through appeal to the court of appeals, for representation at the petition for review stage in the Supreme Court of Texas, for representation at the merits briefing stage in the

Supreme Court of Texas, and for representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

6.10 All conditions precedent have been performed or have occurred.

6.11 Generally, "[a]n insured seeking the benefits of uninsured/underinsured motorist coverage may (1) sue the insurance company directly without suing the uninsured/underinsured motorist; (2) sue the uninsured/underinsured motorist with the written consent of the insurance company, making the judgment binding against the insurance company; or (3) sue the uninsured/underinsured motorist without the written consent of the insurance company and then relitigate the issue of liability and damages." *In re Koehn*, 86 S.W.3d 363, 368 (Tex. App.—Texarkana 2002, orig. proceeding).

6.12 Plaintiff has resolved Plaintiff's applicable claims with Hunter Craig Filson.

6.13 As such, the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code) is the proper vehicle for seeking Uninsured/Underinsured Motorist Coverage benefits. *See, e.g., Accardo v. Am. First Lloyds Ins. Co.*, No. H-11-0008, 2012 WL 1576022, at *1-6 (S.D. Tex. May 3, 2012) (mem. op.) (allowing declaratory judgment action for determination of insurer's liability for UM/UIM damages); *Owen v. Emp'rs Mut. Cas. Co.*, No. 3:06-CV-1993-K, 2008 WL 833086, at *5 (N.D. Tex. Mar. 28, 2008) (mem. op.) (allowing declaratory judgment action for determination of insurer's liability for UM/UIM damages); *Schober v. State Farm Mut. Auto. Ins. Co.*, No. 3:06-CV-1921-M, 2007 WL 2089435, at *1-5 (N.D. Tex. July 18, 2007) (mem. op.) (allowing apparent declaratory judgment action for determination of insurer's liability for UM/UIM damages).

### 7. Prayer for Relief

7.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a declaratory judgment declaring Plaintiff's rights as requested in this Petition as well as a judgment against Defendant for Plaintiff's damages as set forth above in an amount within the jurisdictional limits of this Court; attorney's fees as pleaded above; postjudgment interest; costs of court; and such other and further relief, general and special, legal and equitable, to which Plaintiff is justly entitled.

### 8. Rule 193.7 Notice to Defendant

8.1     TO DEFENDANT:  Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that Plaintiff currently intends to use all items produced by you in this litigation at any pretrial proceeding or trial.

### 9. Rule 609(f) Request to Defendant

9.1     TO DEFENDANT:  Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any witnesses that shall be named by any party as a person with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

Respectfully submitted,

**Daniel Stark, P.C.**

BY: _____

Steven E. Hooker
State Bar No. 24086384
shooker@danielstarklaw.com
Daniel Stark, P.C.
P.O. Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686

Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**